# EXHIBIT C

Case 1:07-cr-00498-DAB   Document 19-6   Filed 03/12/2008   Page 1 of 5



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 20, 2007

**BY HAND DELIVERY**

Gary Becker, Esq.
200 West 57th Street
New York, New York 10019

      Re: <u>United States v. Alan Schaefer</u>,
          07 Cr. 498 (DAB)

Dear Mr. Becker:

    This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

<u>Disclosure By the Government</u>

Enclosed please find copies of the following:

1. Indictment 07 Cr. 498 (DAB) filed against your client; and

2. Cassette marked as 1 which is a recording of a telephone call between the defendant and an undercover officer;

3. CD marked as 2 which contains an audio recording of the meet between your client and the undercover, photos of this meeting, and an audio recording of a statement provided by the defendant to law enforcement;

4. CD marked as 3 which contains results from a search warrant conducted on the defendant's AOL account;

5. CD marked as 4 which contains results from a forensic examination of the defendant's computer;

6. CD marked as 5 which contains the defendant's statement to law enforcement agents and the Manhattan DA's office;

7. Documents marked 6 through 53 that include, among other things, AOL instant messaging chat transcripts, a copy of the complaint, and emails.

Copies of any arrest paperwork, including intake forms, will be provided upon receipt. Please let me know if you wish to inspect any of the originals of the foregoing items, or any of the items referenced therein, and I will make the necessary arrangements, if possible and if inspection is allowable under Rule 16, Federal Rules of Criminal Procedure.

The Government intends to offer as evidence in chief at trial some or all of the items described above. The Government recognizes that its obligation to provide discovery is of a continuing nature, and we will supplement this production if the Government obtains any additional evidence or materials that are discoverable pursuant to Rule 16. We believe that the documents enclosed and described above are all of the discoverable materials under Rule 16 now in the possession of the Government. If you believe that there are additional items to which you are entitled at this time, please let us know.

The Government recognizes its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding your clients, but will provide timely disclosure if any such material comes to light. The Government will provide timely disclosure if any such material comes to light. The Government also recognizes its obligations under Giglio v. United States, 405 U.S. 150 (1972), and will provide Giglio material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500 ("3500"), or at such time as will enable the defense to make full and appropriate use of that information at trial.

The Government has not yet determined to what extent it will seek to offer at trial, pursuant to Fed. R. Evid. 404(b), evidence of other criminal activity by the defendants as proof of the defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. When the Government makes that determination, we will provide reasonable notice of the general nature of such evidence.

### Disclosure By the Defendant

The Government requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of:

1. any books, papers, documents, photographs, tapes, tangible objects, or copies of portions thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial;

2. any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial;

3. a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. This written summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witnesses' qualifications. We request that such information be provided on the same schedule upon which the Government makes expert disclosure.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for

the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

Sentence Reduction for Acceptance of Responsibility

Please be advised that unless dispositions are reached on a timely basis prior to trial, the Office reserves the right to oppose the two-point and one-point reductions under the Sentencing Guidelines for acceptance of responsibility based upon untimeliness.  U.S.S.G. § 3E1.1(a) and (b)(2).

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

        Very truly yours,

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York

By: _____
    Steve C. Lee
    Assistant United States Attorney
    Telephone: (212) 637-2413

Enclosures