Page 1

```
 1                      Proceedings
 2       SUPREME COURT        NEW YORK COUNTY
         TRIAL TERM           PART 31
 3       ------------------------------------x
         THE PEOPLE OF THE STATE OF NEW YORK:
 4    INDICTMENT #
                                              :
 5    580/06
                                              :
 6                      AGAINST                :
 7    CHARGE
                                              :
 8    110/235.22
 9        Alan Schaefer,
                      Defendant.              :
10    ------------------------------------x
      Calendar Call
11                      100 Centre Street
                        New York, New York 10013
12                      1/25/07
13
14        B E F O R E:
            HONORABLE JAMES YATES
15             Justice of the Supreme Court
16
17        A P P E A R A N C E S:
18
          For the People:
19        ROBERT MORGENTHAU ESQ.,
          New York County District Attorney
20    One Hogan Place
21        New York, New York 10013
          BY:  LANCE FLETCHER, ESQ
22             Assistant District Attorney
23
          For the Defense:
24        RICHARD GREENBERG ESQ
25
```

Page 2

```
 1              Proceedings
 2         THE CLERK:  Calendar number 1,
 3   Alan Schaefer, 580 of 2006.
 4         MR. GREENBERG:  Richard Greenberg
 5   for the defendant, Alan Schaefer, who
 6   has been excused.
 7         MR. FLETCHER:  For the People
 8   Lance Fletcher:  Good morning.
 9         THE COURT:  Good morning.  I had
10   been waiting for the various appeals
11   on this same issue.  I think at this
12   point you don't want me to wait
13   anymore.
14         MR. GREENBERG:  I can give you a
15   status report of where both courts
16   are.  The case in the Court of
17   Appeals, Coslow, will be argued on
18   March 20th.  The First Department has
19   put off the hearing from the People's
20   appeal obviously until the Court of
21   Appeals decides.
22         THE COURT:  So everyone waits for
23   the Court of Appeals.
24         MR. GREENBERG: Which probably
25   won't be until June.
```

```
 1                Proceedings
 2        THE COURT: I might as well give
 3   you a decision then.
 4        MR. GREENBERG: I think that is
 5   why the case was on.
 6        THE COURT: Remind me. It has
 7   been so long since I looked at this.
 8        MR. GREENBERG: The first count
 9   is attempted dissemination.
10        THE COURT: That one actually had
11   pictures?
12        MR. GREENBERG: No photographs in
13   this case. I think you may be
14   thinking of another case.
15        THE COURT: This was just oral;
16   nothing was in pictures?
17        MR. GREENBERG: Yes.
18        THE COURT: I'm bound to dismiss
19   that based on the Second Department
20   case.
21        MR. GREENBERG: That is my
22   understanding of the law.
23        THE COURT: So I will do that.
24   Second and third count were on the --
25        MR. GREENBERG: Sexual abuse
```

Page 4

1  Proceedings
2  --attempted sexual abuse.
3      THE COURT: Two issues, whether
4  it was an impossible crime and
5  whether it was close enough to make
6  an attempt.
7      MR. GREENBERG: And whether
8  attempting to kiss somebody is
9  attempted sexual abuse in the second
10 degree. That was one.
11     THE COURT: Aren't there already
12 appellate cases that call the mouth
13 an intimate part?
14     MR. GREENBERG: As we briefed it
15 this is an open question. No,
16 there are not. There is a division
17 of authority among lower courts.
18     THE COURT: Fine. I didn't have
19 time to write on it.
20     Endangering the welfare as to the
21 14-month old baby was --
22     MR. GREENBERG: He came with his
23 child.
24     And the attempted endangering of
25 an undercover police officer.

```
 1                  Proceedings
 2          THE COURT: All right, so I will
 3     just give you a ruling as best I can
 4     on those issues.
 5          On count one I am bound by the
 6     Second Department case so unless it
 7     is overruled by the Appellate
 8     Division or the First Department I
 9     dismissed Count 1.
10          Count 2, I don't believe that the
11     attempted sexual abuse statute is
12     meant to include a request to kiss a
13     person, mouth to mouth.
14          On the third count, the attempted
15     sexual abuse, I do agree that
16     attempted sexual abuse is an
17     impossible crime under Court of
18     Appeals logic but the First
19     Department did distinguish it and
20     until the Court of Appeals gets
21     around to addressing the decision I
22     am bound by what they said so I will
23     sustain Count 3 on the endangering.
24          I agree with you that meeting in
25     a public park where no dangerous
```

```
 1                    Proceedings
 2    activity is taking place does not
 3    constitute endangering the welfare of
 4    a child on count four. I will
 5    dismiss that. On the attempt, the
 6    endangering as to the conversations
 7    with the alleged victim, I will
 8    sustain that one of the. So, the net
 9    result is that Count 1 and 2 are
10    dismissed. Count 3 is sustained.
11    Count 4 is dismissed. Count 5 is
12    sustained. I am assuming the People
13    want a 30-day stay.
14        MR. FLETCHER: People request a
15    trial date of February 13.
16        THE COURT: I am sorry, what is
17    your name again?
18        MR. FLETCHER: Lance Fletcher.
19        THE COURT: Mr. Fletcher, my
20    guess is you want to consider for
21    30-days whether you want to appeal
22    this. Instead of putting it on for
23    trial we will put it on for 30-days
24    for the People to exercise their
25    options. That will be February 21st
```

```
 1              Proceedings
 2     is close.  It is a calendar day.
 3         MR. GREENBERG:  That would be
 4     great.
 5         THE COURT:  That is almost
 6     30-days.
 7         MR. GREENBERG:  May I just remind
 8     you of one last point which you
 9     haven't ruled on.  This was a
10     question of combination really of
11     what I believed to be prosecutorial
12     misconduct and dismissal of the
13     remaining B misdemeanors, in the
14     interests of justice which was the
15     release of otherwise Grand Jury
16     protected material which was attached
17     to their VDF form and picked up in
18     the papers and presented to a hearing
19     officer from the Department of
20     Education and the basis for my
21     client's loss of his job.
22         The People believe I think that
23     they can simply hand out evidence
24     that was in the Grand Jury and they
25     attempt to draw a distinction between
```

Page 8

```
 1              Proceedings
 2    what was subpoenaed to the Grand Jury
 3    and what was presented by a police
 4    officer and I don't think that is a
 5    distinction.
 6         THE COURT:  Where was it
 7    distributed?
 8         MR. GREENBERG:  As I say not only
 9    distributed publicly filed and picked
10    up in the newspaper but the officer
11    who recorded or was engaged in the
12    computer conversation with my client
13    presented the transcript of the INSTA
14    messages to a hearing examiner at the
15    Department of Education and on the
16    basis of that, he found probable
17    cause to fire my client.
18         THE COURT:  Your argument is
19    there should have been a
20    particularized application.
21         MR. GREENBERG:  Exactly.  While I
22    would not have thought of making the
23    argument to the felony count,
24    dismissal in the interest of justice
25    is about the only relief that I am
```

```
 1                    Proceedings
 2     asking for, other than a kind of
 3     stern warning from the Court.
 4          THE COURT: An Article 78, the
 5     dismissal is going to be an
 6     Article 78.
 7          MR. GREENBERG: As I understand
 8     it, I don't represent people
 9     generally before the Department of
10     Education but so long as there is any
11     sexually oriented charge still
12     surviveing, he has absolutely no
13     chance of regaining his job. And if
14     you mean will I seek review in the
15     Appellate Division because he relied
16     upon it, I think not, although it is
17     a nice idea.
18          THE COURT: Am I the right place
19     to bring that argument?
20          MR. GREENBERG: You are certainly
21     the right place to indicate something
22     on the record to the People they
23     can't wily nily release Grand Jury
24     material because they want it to get
25     out so it can be used to fire a
```

```
 1                   Proceedings
 2      public employee.
 3           THE COURT:  Was the material
 4      obtained through a search warrant?
 5           MR. GREENBERG:  No.
 6           THE COURT:  Or a subpoena by a
 7      Grand Jury?
 8           MR. GREENBERG:  No it was not.
 9           THE COURT:  If the police
10      obtained something that is not
11      through a subpoena by the Grand Jury
12      or a search warrant, why would the
13      prosecutor have an obligation not to
14      disclose it, other than the normal
15      obligation of not tainting a pending
16      criminal case?
17           MR. GREENBERG:  I believe the law
18      is, your Honor, that when you produce
19      evidence to the Grand Jury it becomes
20      cloaked with Grand Jury secrecy,
21      particularly police investigative
22      material.
23           It is inconceivable to me they
24      could do an investigation, obtain
25      highly sensitive material, present it
```

Page 11

| | |
|---|---|
| 1 | Proceedings |
| 2 | to the Grand Jury and then release it |
| 3 | publicly. |
| 4 | THE COURT: Prior to the time the |
| 5 | Grand Jury occurred, the mere fact |
| 6 | that it was part of the evidence in |
| 7 | the Grand Jury, cloaking it -- |
| 8 | MR. GREENBERG: I believe that is |
| 9 | the law. We cited an authority. |
| 10 | THE COURT: I would have to look |
| 11 | at that. |
| 12 | MR. GREENBERG: We are not asking |
| 13 | you to. |
| 14 | In light of all the |
| 15 | circumstances, including the loss of |
| 16 | his job, his dying mother. |
| 17 | THE COURT: I am reserving on the |
| 18 | interests of justice application. |
| 19 | Let's see what the People want to do. |
| 20 | Instead of February 21st you said |
| 21 | there is an argument in the Court of |
| 22 | Appeals. |
| 23 | MR. GREENBERG: Court of Appeals |
| 24 | March 20th in People versus Kozlow. |
| 25 | THE COURT: Maybe I should put it |

```
 1                Proceedings
 2   over until after that and we will see
 3   what the Court of Appeals does.
 4       MR. GREENBERG:  I will certainly
 5   be talking to counsel for that
 6   defendant and he will let me know.
 7   As you know the Court of Appeals
 8   doesn't decide from the bench and we
 9   won't really have a decision until at
10   least June, probably.
11       THE COURT:  All right.
12       MR. GREENBERG:  I am happy --
13       THE COURT:  Let's put it on for
14   April 5th for control then.
15       MR. GREENBERG:  Thank you very
16   much.
17       THE COURT:  If the People, by the
18   way, if the People decide that they
19   are not going to appeal and they
20   would rather advance the case for
21   trial with the surviveing counts you
22   can advance it.
23       MR. GREENBERG:  I believe Mr.
24   Dougherty has represented to me that
25   he would certainly be filing a notice
```

```
 1              Proceedings
 2    of appeal.  For whatever it is worth
 3    I'm representing that.  But I will
 4    let him know;.
 5        COURT CLERK: One two and four
 6    were dismissed.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 14

| | |
|---|---|
| 1 | Proceedings |
| 2 | Certified to be a true and accurate transcript of my stenographic |
| 3 | notes |
| 4 | |
| 5 | |
| 6 | _____ |
| 7 | Bonnie French, Court Reporter |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

TOTAL P.36