# EXHIBIT D

LAW OFFICES OF
# GARY G. BECKER, L.L.C.
200 WEST 57TH STREET • SUITE 900
NEW YORK, NEW YORK 10019

GARY G. BECKER

SASCHA V. PURITZ

(212) 981-1980
FACSIMILE: (212) 214-0901
ggbeckerlaw@aol.com

July 2, 2007

Steven Lee
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

    *Re:*   *United States v. Alan Schaefer*
            *07 Cr. 498 (DAB)*

Dear Mr. Lee:

    This is Alan Schaefer's formal request for discovery, Brady material and a bill of particulars. The requests made herein are limited to materials and information not previously produced and are made pursuant to the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the Constitution, Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967), United States v. Agurs, 427 U.S. 97 (1976), and their progeny.

    The Requests are made with respect to documents and information currently or previously within the possession, custody or control of the government or the existence of which, through the exercise of due diligence, would become known to the government.

    As to each Request, please state in writing by reference to the paragraphs corresponding to each Request the extent to which compliance will or has been made. To the extent you decline to provide the discovery requested, nevertheless please indicate the extent to which the information or documents or information exist so that where appropriate, an application may be made to compel their disclosure.

    We request that you continue to assure preservation of all notes, reports and recordings prepared by or for government agents or attorneys, as well as every document,

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 2

tangible object, recording or other potential item of evidence which is now or may hereafter come within the government's possession, custody, control or knowledge, the production or identification of which is requested herein.

## BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and the Constitution, Mr. Schaefer requests a Bill of Particulars, as follows:

1. The Indictment alleges that Mr. Schaefer "persuade[d], induce[d], entice[d], and coerce[d] an individual who had not attained the age of 18 years, to engage in a sexual activity for which a person can be charged with a criminal offense." Please identify:

    (i) the specific date(s), time(s) and place(s) on or at which Mr. Schaefer, in fact, "persuaded ..." such an individual to engage in sexual activity;

    (ii) the manner and means by which Mr. Schaefer "persuaded ..." such an individual to engage in sexual activity;

    (iii) the "individual who had not attained the age of 18 years;"

    (iv) the "sexual activity" which the grand jury found Mr. Schaefer "persuade[d] ..." such an individual to engage in; and

    (v) the "criminal offense(s)" for which Mr. Schaefer could be charged.

2. The Indictment further alleges that Mr. Schaefer "attempted" to "persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in ...sexual activity for which a person can be charged with a criminal offense." Please identify:

    (i) the specific date(s), time(s) and place(s) on or at which Mr. Schaefer "attempted" to persuade such an individual to engage in sexual activity;

    (ii) the manner and means by which Mr. Schaefer attempted to "persuade..." such an individual to engage in sexual activity;

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 3

      (iii)    the "individual who had not attained the age of 18 years;"

      (iv)    the "sexual activity" which the grand jury found Mr. Schaefer attempted to "persuade…" such an individual to engage in; and

      (v)    the "criminal offense(s)" for which Mr. Schaefer could be charged.

3. The Indictment further alleges that Mr. Schaefer "used a computer and the Internet to attempt to entice, induce, coerce, and persuade a minor to engage in sexual activity in violation of New York State Laws." Please identify:

      (i)    the specific date(s), time(s) and place(s) on or at which Mr. Schaefer used a computer and the Internet to "attempt" to "entice …" such a minor to engage in sexual activity;

      (ii)    the identity of the "minor" Mr. Schaefer attempted to "entice … to engage in sexual activity …";

      (iii)    the "sexual activity" in which the grand jury found Mr. Schaefer "enticed …" such a "minor" to engage;

      ✗ (iv)    the New York State law it is alleged Mr. Schaefer violated; and

      (v)    whether the grand jury was specifically instructed that it had to find such violation of law and, if so, by what proof.

### DISCOVERY AND INSPECTION

Mr. Schaefer hereby requests the following:

4. Pursuant to Rule 16(a)(1)(A) Fed. R. Crim. P., the substance of any relevant oral statement made by Mr. Schaefer, before or after arrest, in response to interrogation by a person Mr. Schaefer knew was a government agent if the government intends to use that statement at trial, and all information, documents, and materials reflecting statements allegedly made by or attributed to Mr. Schafer, including, but not limited to:

LAW OFFICES OF
**GARY G. BECKER, L.L.C.**

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 4

 (a) the date, time, place and identity of persons who may have heard such statements. See United States v. Feola, 651 F.Supp. 1068, 1140-41 (S.D.N.Y. 1987);

 (b) any statements or admissions made during any questioning by government agents, whether or not such statements are incorporated into a report, memorandum or transcript prepared by federal, state or local government agents or attorneys, or by any other person working in conjunction with such agents or attorneys;

Pursuant to Rule 16(a)(1)(B), Fed. R. Crim. P.:

 (a) any relevant written or recorded statement by Mr. Schaefer if the statement is within the government's possession, custody, or control; and the attorney for the government knows – or through due diligence could know – that the statement exists;

 (b) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if Mr. Schaefer made the statement in response to interrogation by a person the defendant knew was a government agent; and

 (c) the defendant's recorded testimony before a grand jury relating to the charged offense.

5. Pursuant to Rule 16(a)(1)(D), Fed. R. Crim. P., a copy of Mr. Schaefer's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows – or through due diligence could know – the record exists.

6. Pursuant to Rule 16(a)(1)(E) Fed. R. Crim. P., all photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, which are in the possession, custody or control of the government and are material to preparing the defense, or the government intends to use the item in its case-in-chief at trial, or the item was obtained from or belongs to the defendant, including, but not limited to:

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 5

    (a)    All emails, instant messages, documents, photographs, and images obtained from Mr. Schaefer's computer hard drive;

    (b)    Any documents referred to, directly or indirectly, in the Indictment and all items which are relevant to the charge in the Indictment;

    (c)    All documents containing or reflecting statements of any kind that were signed or made, or were purported to have been signed or made, or which you will contend were signed or made by or on behalf of Mr. Schaefer; and

    (d)    Any materials or information that were obtained from or are the property of Mr. Schaefer or an agent of Mr. Schaefer.

7. A list of the witnesses the government intends to call at trial, including names, addresses, and dates of birth.

8. A statement of whether identification procedures were employed (including but not limited to photo arrays and show-ups), and the identity of each individual who participated in the procedures, including those who failed to make an identification.

9. Pursuant to Rule 16(a)(1)(F), Fed. R. Crim. P., the results or reports, and underlying work papers related to, as well as the documents and objects which were the subject of, any physical or mental examination and of any scientific test or experiment that are within the government's possession, custody, or control, the attorney for the government knows – or through due diligence could know – that the item exists, and the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial, including but not limited to:

    (a)    all handwriting exemplars, handwriting samples, opinions of handwriting experts, handwriting or document analysis, and/or any other questioned document identification techniques, and all documents used in such analysis;

    (b)    all psychological tests performed upon any government witness, and all documents that refer or relate to such tests; and

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 6

    (c)    all polygraph examinations, psychological stress evaluations, hypnotic procedures, and/or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness's memory, and all documents that refer or relate to such examinations.

10. Pursuant to Rule 16(a)(1)(G), Fed. R. Crim. P., a list of expert witnesses on whom the government intends to use during its case-in-chief at trial, including a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Criminal Procedure, which summary must describe the witnesses' opinions, the bases and reasons for those opinions, and the witness's qualifications.

11. A statement whether the government will seek to offer any chart, summary or calculation in evidence and if so, a copy thereof as well as the information on which such chart, etc., is based.

12. Identification of the bad acts the government intends to introduce at trial against Mr. Schaefer pursuant to Rules 403 & 404(b), Fed. R. Evid., either in its direct case or on cross-examination to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or plans to use for any other purpose.

13. As a predicate to motions pursuant to Rule 12, Fed. R. Crim. P., a statement as to whether Mr. Schaefer has been the subject of, or has actually been overheard, pursuant to either consensual recording or electronic surveillance.

14. The tapes and transcripts thereof of each recorded conversation listed in response to Request No. 13.

15. The logs, daily summaries, and other reports maintained in connection with each conversation listed in response to Request No. 13.

16. A statement of whether the government applied for an order authorizing electronic surveillance for any of the conversations in response to Request No. 13, pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, with the intention of intercepting communications of Mr. Schaefer, or pursuant to which communications of Mr. Schaefer were actually intercepted.

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 7

17. The application for each eavesdropping warrant, the supporting affidavits, any warrant(s) or order(s) submitted and/or issued, and any progress reports prepared in connection with Request No. 13. The same information is requested for any extensions sought and/or obtained in connection with any eavesdropping warrant.

18. A statement of whether there was any physical entry in connection with any electronic surveillance conducted in this case.

19. A statement whether the government employed a "mail cover," "pen register," "beeper" or similar investigative technique, and when each such investigative technique commenced and terminated; and the records and reports thereof.

20. Identification of the tapes and documents used, obtained, or written in connection with the investigation that have been or are intended to be discarded or destroyed, including but not limited to rough notes of interviews, reports, memoranda, and subpoenaed documents.

21. As a predicate to motions pursuant to Rule 12, Fed. R. Crim. P., a statement whether any evidence in the government's possession, custody, or control was obtained by a search and seizure, and a description of such evidence.

22. As a predicate to motions pursuant to Rules 12 and 41, Fed. R. Crim. P.:

   (a) any and all forms, affidavits, or other documents that purport to grant consent to search any individual, person, or premises that relate in any manner to the investigation and Indictment in the above-entitled case, and that are in the government's possession, custody, or control, and the existence of which is known, or through the exercise of due diligence may become known, to the government;

   (b) whether any evidence in the government's possession, custody, or control was obtained by a search and/or seizure of any person or place, with or without prior judicial authorization, and a description of all such evidence; and

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 8

24. Pursuant to the provisions of Rule 104, Fed. R. Evid., and Mr. Schaefer's right to effective representation by counsel and to a fair trial, disclosure of whether the government intends to offer in its case-in-chief as a statement by Mr. Schaefer any of the following:

   (a) A statement as to which Mr. Schaefer manifested his adoption or belief in its truth. Rule 801(d)(2)(B), Fed. R. Evid.;

   (b) A statement made by another which was purportedly authorized by Mr. Schaefer, or is deemed to be an admission of Mr. Schaefer. Rules 801(d)(2)(A) & 801(d)(2)(C), Fed. R. Evid.; and

   (c) A statement by an agent or servant of Mr. Schaefer concerning a matter within the scope of his/her agency or employment made during the existence of such a relationship. Rule 801(d)(2)(D), Fed. R. Evid.;

25. With respect to the Grand Jury, (a) a statement whether (i) persons were present during Grand Jury proceedings other than those permitted to be present pursuant to Rule 6(d), Fed. R. Crim. P., and (ii) any Grand Jury materials, including transcripts, documents or information, that were disclosed to any person other than those permitted to receive such information pursuant to Rule 6(e), Fed. R. Crim. P.

**BRADY/GIGLIO MATERIAL**

26. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), Mr. Schaefer requests immediate disclosure of all exculpatory or impeaching material including, without limitation:

   (a) Any information tending to undermine the allegations in the Indictment including, but not limited to, any information that Mr. Schaefer:

      (i) does not have a history of engaging in sexual activity with minors;

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 9

- (ii) did not believe that he was at any time communicating with a minor through a "computer and the Internet;" and

- (iii) did not intend actually to engage in prohibited sexual activity with anyone associated with this prosecution;

(b) Any and all documents, records, and/or information revealing prior or subsequent misconduct, criminal acts or bad acts of each witness, including, but not limited to, prior criminal convictions, guilty verdicts, juvenile adjudications, and "rap sheets";

(c) The consideration or promises of consideration given to, or on behalf of, each witness or any such consideration expected or hoped for at any future time by each such witness. Such "consideration" refers to anything which could be of value to a witness, including but not limited to direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, immigration, tax or other matter involving the state or federal government, any other authority, or other parties; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; a letter to anyone informing the recipient of the witness' cooperation; recommendations concerning a profession, business, employment, licensing, certification, or registration, or promises not to jeopardize such status; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against Mr. Schaefer or could act as an inducement to testify or to color his testimony;

(d) The requirements communicated to each cooperating witness that each such witness was obligated to fulfill in order to qualify for the consideration or promises of consideration set forth in response to (c), above;

(e) The threats, express or implied, direct or indirect, or other coercion directed against each witness with respect to pending criminal

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 10

prosecutions or investigations, or potential prosecutions which could be made against any such witness; any probationary, parole, deferred prosecution or custodial status of any such witness; and any civil, tax court, court of claims, administrative, immigration or other pending or potential legal disputes or transactions involving any such witness;

(f) A list of the requests, demands or complaints made to the government by each witness which requests, etc., could arguably demonstrate a hope or expectation on the part of the witness of favorable governmental action on his behalf, regardless of whether the government has agreed to provide such favorable action;

(g) The instructions given to each cooperating witness regarding the means and methods he was to use to facilitate the investigation;

(h) With respect to each witness the government intends to call at trial, or any member of the immediate family of each such witness, a summary of all charges or tax proceedings which could have been brought by the federal or any state or local government but which have not been brought because the witness is cooperating with or has been cooperating with the government, or for any other reason. The memoranda of understanding between the government and its witnesses, whether by way of correspondence with counsel or otherwise, should also be provided;

(i) Identification of the judicial proceedings involving (as a party, witness, unindicted co-conspirator, or aider or abettor) each witness;

(j) Identification of each occasion on which each witness has testified before any court, Grand Jury, or other tribunal or body, or otherwise officially narrated with respect to the defendants or the facts of this case;

(k) The statements, including but not limited to Grand Jury testimony, tax returns, credit applications, cash transaction reports, etc., made or executed by each witness which are known to contain or are suspected of containing materially false statements. This request

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 11

includes all statements of a type which if false could be the subject to a prosecution under 18 U.S.C. §1001;

(l) The identity of each person who has been offered immunity from prosecution;

(m) Each request for permission to grant immunity or leniency prepared in connection with the investigation, whether or not such request was granted;

(n) The medical and psychiatric reports of each witness the government intends to call at trial which describes or references any condition which may arguably affect the witness' credibility, and/or his ability to perceive or to relate or to recall events;

(o) All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the government intends to use as a witness at trial, including but not limited to, records relating to treatment of such individual in any federal, state, city, county, military, and/or private drug or detoxification program;

(p) The statements, including but not limited to those reflected in notes or reports and whether or not reduced to writing, made by each witness which in any way contradicts or is inconsistent with or different from other oral or written statements he has made, or which admits poor memory, as well as a statement as to whether each such witness made any misleading statements, misrepresentations by omission, or provided any other information during the course of this investigation which proved to be false;

(q) Any and all material not otherwise listed which reflects or evidences the motivation of any witness the government intends to call at trial either to cooperate with the government or any bias or hostility against any Mr. Schafer;

(r) The records and information requested in items (a) through (q) with respect to each nonwitness declarant whose statements will be offered in evidence;

LAW OFFICES OF
GARY G. BECKER, L.L.C.

Steven Lee
Assistant United States Attorney
July 2, 2007
Page 12

(s)  The identity of each person whom the government believes has relevant knowledge with reference to the charges contained in the Indictment but whom the prosecution does not intend to call as a witness at trial;

(t)  Any and all exculpatory testimony, documents, or information presented to the Grand Jury;

(u)  The records of law enforcement agencies reflecting intradepartmental disciplinary action taken against each law enforcement official who will testify;

(v)  The records of law enforcement agencies reflecting commendations, awards, or recognition, or requests for any commendations, awards, or recognition made by each agent or police officer involved in this case with respect to this case;

(w)  Any notes, memorandum, correspondence or other documents in the possession or control of any law enforcement agency or the U.S. attorney reflecting any criticism or dissatisfaction with any testifying law enforcement official's performance or attitude with respect to child enticement investigations or prosecutions or setting forth the reasons for his or her transfer to a different position.

Thank you for your prompt attention to these requests.

Sincerely,

Gary G. Becker

GGB/sp