# EXHIBIT E



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 2, 2007

**Via Fax**

Gary G. Becker, Esq.
200 West 57th Street
Suite 900
New York, New York 10019
(212) 214-0901

    Re:   **United States v. Alan Schaefer**
            07 Cr. 498 (DAB)

Dear Mr. Becker:

      The Government is in receipt of your letter requesting a bill of particulars, discovery, and Brady/Giglio material. As to your request for certain "particulars," the Government first notes that discovery has already been produced in this case. As the case law in this District and Circuit establish, "a bill of particulars should be required only where the charges of the indictment are so general that they do not advise defendant of the specific acts to which he is accused." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (quoting United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y 1987)). Such is not the case here.

      In other words, the defense cannot use a bill of particulars as a general investigative tool, United States v. Ballesteros Gutierrez, 181 F. Supp. 2d 350, 356 (S.D.N.Y. 2002); United States v. Salazar, 485 F. 2d 1272, 1277-78 (2d Cir. 1973), or as a device to compel disclosure of the Government's evidence prior to trial. See, e.g., Ballesteros Gutierrez, 181 F. Supp. 2d at 356; United States v. Gottlieb, 493 F. 2d 987, 994 (2d Cir. 1974); United States v. Conesa, 899 F. Supp. 172, 176 (S.D.N.Y. 1995). Rather, its purpose is "to inform the defendant as to the crime for which he must stand trial, not to compel disclosure of how much the government can prove and how much it cannot nor to foreclose the government from using proof it may develop as the trial approaches." United States v. Malinsky, 19 F.R.D. 426, 428

(S.D.N.Y. 1956). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1990); see e.g., United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir. 1998) (denying request for a bill of particulars because "the government has provided the defendants with extensive additional information concerning their alleged involvement in the charged offenses so as to enable them to understand the nature of the charges against them, to prepare a defense, and avoid unfamiliar surprise at trial.") (internal quotation marks omitted).

Moreover, it is improper to use a bill of particulars to force the Government to disclose the manner in which it will attempt to prove the charges in the indictment and to reveal the Government's evidence regarding the precise manner in which the defendant committed the crime or crimes charged. United States v. Wilson, 565 F. Supp. 1416, 1438-39 (S.D.N.Y. 1983); United States v. Andrews, 381 F. 2d 377, 378 (2d Cir. 1967), cert. denied, 390 U.S. 960 (1968). The "manner or means by which a crime is carried out constitute an evidentiary matter, not ultimate facts." United States v. Boneparth, 52 F.R.D. 544, 545 (S.D.N.Y. 1971). As the court stated in United States v. Persico:

> [The defendants] are not entitled to know . . . the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the government intends to adduce to prove their criminal acts], beyond what is charged in the indictment]. Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before the trial.

621 F. Supp. 842, 868 (W.D.N.Y. 1985) (internal citation omitted); see also United States v. Cephas, 937 F. 2d 816, 823 (2d Cir. 1991); United States v. Torres, 901 F.2d at 233-234. In sum, the Government is not required to provide information that would, in effect, provide the defendant before trial with a preview of the Government's case, United States v. Simon, 30 F.R.D. 53, 55 (S.D.N.Y. 1962), lest the defendant tailor his own testimony or defense case to explain away the Government's case. See United States v. Cimino, 31 F.R.D. 277, 279 (S.D.N.Y. 1962), aff'd, 321 F. 2d 509 (2d Cir. 1963); see also United States v Malinsky, 19 F.R.D. 426, 428 (1956) ("Discovery in criminal proceedings is not comparable to discovery in civil [proceedings] because of the nature of the issues, the danger of intimidation

of witnesses, and the greater danger of perjury and subornation of perjury.").

Similarly, demands seeking disclosure of the Government's legal theory simply do not fall within the proper scope of a bill of particulars. See, e.g., United States v. Shoher, 555 F. Supp. 346, 350 (S.D.N.Y. 1983); United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979).

Likewise, the Government is not required to provide further specification of the particular acts that the defendant is alleged to have participated in, had knowledge of, or is being held responsible for. See United States v. Padilla, No. S1 94 Cr. 313 (CSH), 1994 WL 681812 at *11 (S.D.N.Y. 1994) (Government not required to set forth location of each predicate act or details concerning meetings at which defendant was present); United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991), cert. denied, 502 U.S. 1037 (1992); Torres, 901 F.2d at 233-34; Shoher, 555 F. Supp. at 350 (S.D.N.Y 1983).

In sum, demands for "whens" and "wheres" and "with whoms" relating to participation in crimes routinely have been denied. Torres, 901 F.2d at 233-34; Wilson, 565 F. Supp. at 1438-39; see also Torres, 901 F.2d at 234 (acquisition of evidentiary detail is not the function of the bill of particulars.") (quotation omitted); id. (stating that courts should reject motions for bills of particulars that are merely "ill-disguised attempts at general pre-trial discovery") (quotation omitted); United States v. Conley, No. 00 Cr. 0816 (DAB), 2002 WL 252766 at *4 (S.D.N.Y. 2002) ("A bill of particulars is not meant to be a tool to compel disclosure of the Government's case before trial. The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed. The Government is not required to provide information that would, in effect, give the defendant a preview of the Government's case before trial.") (citations omitted); United States v. Feliciano, 01 Cr. 0448 (NRB), 2002 WL 575662 at *2 (S.D.N.Y. 2002) ("[C]ourts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or it's legal theory prior to trial.") (quotation omitted); United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1990) (stating that a bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.")

With above in mind, the requests you have submitted concerning the charged crime are not properly the subject of a bill of particulars.

As to your other requests for discovery and inspection, the Government produced or made available information and materials in compliance with Rule 16 of the Federal Rules of Criminal Procedure on June 20, 2007. The Government recognizes that its obligation to provide discovery is of a continuing nature and will supplement the previously produced materials if it obtains any additional evidence or materials.

As to your request of Brady/Giglio material, the Government recognizes that its obligation under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and will provide timely disclosure if any such material comes to light. The Government will provide Giglio material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

        Very truly yours,

        MICHAEL GARCIA
        United States Attorney

      By: /s/ Steve C. Lee
        Steve C. Lee
        Assistant United States Attorney
        (212) 637-2413



FACSIMILE COVER SHEET

U.S. ATTORNEY'S OFFICE, S.D.N.Y.
ONE ST. ANDREW'S PLAZA
NEW YORK, NEW YORK 10007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

From: Steve C. Lee
Assistant United States Attorney

Phone: (212) 637-2413

Fax: (212) 637-2390

No. pages (including cover sheet): 5

Date sent: September 2, 2007
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOR OFFICIAL USE ONLY -- U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "for official use only" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To: Gary Becker, Esq.

Fax: 212-214-0901

Re: United States v. Alan Schaefer

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Message:

Please see the attached.