USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

- against -

ALAN SCHAEFER,
a/k/a "AlanSnyc39@aol.com,"
a/k/a "alansnyc2@hotmail.com,"
a/k/a "alansnyc39@yahoo.com,"

                    Defendant.
-------------------------------X

S1 07 Crim. 498 (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

On or about June 4, 2007, a federal grand jury convened in
the Southern District of New York returned an Indictment against
Defendant Alan Schaefer, a/k/a "AlanSnyc39@aol.com," a/k/a
"alansnyc2@hotmail.com," a/k/a "alansnyc39@yahoo.com,"
charging him with one count of enticement of a minor to engage in
sexual activity, in violation of 18 U.S.C. § 2422(b).  Now before
the Court are Defendant's pre-trial motions, filed on March 11,
2008, seeking the following relief:  (1) dismissal of the
Indictment on the grounds that it purportedly fails to provide
adequate notice of the offense charged pursuant to Fed. R. Crim.
P. 7(c) and because the underlying statute is unconstitutionally
vague, both on its face and as applied to him in this case; (2)
the scheduling of a hearing to investigate whether New York
State's Grand Jury Secrecy Laws were violated in the course of
the Government's cooperation with the Manhattan District

Attorney's Office in prosecuting Defendant; and (3) the granting

of an order directing the Government to provide a Bill of

Particulars pursuant to Fed. R. Crim. P. 7(f).  The Government

opposes Defendant's Motions in their entirety.  On April 2, 2008,

a grand jury returned a Superseding Indictment against Defendant,

charging him with the same offense as in the original Indictment.

For the reasons set forth below, Defendant's Motion to Dismiss

the Indictment, Motion for a Hearing and Motion for a Bill of

Particulars, each are DENIED in their entirety.

## BACKGROUND

On or about February 7, 2006, Defendant was indicted by a

grand jury in New York County on five charges:  (1) attempted

dissemination of indecent material to minors, in violation of New

York Penal Law §§ 110 and 235.22; (2) attempted sexual abuse in

the second degree, in violation of New York Penal Law §§ 110 and

130.60(2), for allegedly having "attempted to subject an

individual, who was less than fourteen years old, to sexual

contact, to wit, contact between the mouth of the defendant and

the mouth of said individual"; (3) attempted sexual abuse in the

second degree, in violation of New York Penal Law §§ 110 and

130.60(2), for allegedly having "attempted to subject an

individual, who was less than fourteen years old, to sexual

2

contact, to wit, contact between said individual and the penis of defendant"; (4) endangering the welfare of a child, in violation of New York Penal Law § 260.10(1); and (5) attempt to endanger the welfare of a child, in violation of New York Penal Law §§ 110 and 260.10(1).  (Notice of Motion at Ex. A; Govt. Mem. at 8.)  On January 25, 2007, upon Defendants' motion, Justice James Yates in New York Supreme Court, New York County, dismissed Counts One, Two and Four of the New York County indictment.  (Everdell Aff. at Ex. A & Govt. Mem. at 8-9.)  Although Justice Yates denied Defendant's motion to dismiss Counts Three and Five of the New York County indictment, the Manhattan District Attorney's Office decided not to appeal the judge's decision or to prosecute the remaining two counts.  (Govt. Mem. at 9.)  The Manhattan District Attorney's Office dismissed the remaining charges against Defendant on April 5, 2007, after a criminal complaint had already been filed against Defendant in the Southern District of New York.  (Id.)

The statute under which Defendant is charged, 18 U.S.C. § 2422(b) (the "statute"), provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts

3

to do so, shall be fined under this title and imprisoned not
less than 10 years or for life.

18 U.S.C. § 2422(b).

The Indictment returned by the federal grand jury on June 4,

2007 charges Defendant as follows:

In or about July 2005, ALAN SCHAEFER, a/k/a
"AlanSnyc39@aol.com," a/k/a "alansnyc2@hotmail.com," a/k/a
"alansnyc39@yahoo.com," the defendant, did use a facility
and means of interstate commerce to persuade, induce,
entice, and coerce an individual who had not attained the
age of 18 years, to engage in a sexual activity for which a
person can be charged with a criminal offense, and attempted
to do so, to wit, SCHAEFER used a computer and the Internet
to attempt to entice, induce, coerce, and persuade a minor
to engage in sexual activity in violation of New York State
laws.

The Superseding Indictment returned by the federal grand jury on

April 2, 2008 charges Defendant as follows:

In or about July 2005, in the Southern District of New York
and elsewhere, ALAN SCHAEFER, a/k/a "AlanSnyc39@aol.com,"
a/k/a "alansnyc2@hotmail.com," a/k/a "alansnyc39@yahoo.com,"
the defendant, unlawfully, willfully, and knowingly, did use
a facility and means of interstate commerce to persuade,
induce, entice, and coerce an individual who had not
attained the age of 18 years to engage in sexual activity
for which a person can be charged with a criminal offense,
and did attempt so to do, to wit, SCHAEFER used a computer,
a telephone, and the Internet to attempt to entice, induce,
coerce, and persuade a minor to engage in sexual activity in
violation of New York State Penal Law Sections 130.20(1) and
(2), 130.25(2), 130.20(1), 130.40(2), 130.45(1), and
130.60(2).

Defendant was arraigned on the Superseding Indictment before

United States Magistrate Judge Frank Maas on May 7, 2008.

On or about June 20, 2007, the Government provided Defendant

4

with discovery, pursuant to Fed. R. Crim. P. 16(a), that

included:  a copy of the criminal complaint filed against

Defendant on or about March 21, 2007, transcripts of instant

messages and emails, a cassette containing a telephone recording

between the Defendant and an undercover officer, a CD containing

audio recordings and photographs of a meeting between the

Defendant and the undercover officer, a CD containing Defendant's

statements to law enforcement agents and to the Manhattan

District Attorney's Office and CDs containing results of a search

warrant executed on Defendant's America Online email account as

well as the results of forensic examinations of his computer.

(Notice of Motion at Ex. C.)


DISCUSSION

A.    Motion to Dismiss the Indictment

    1.    Sufficiency of the Indictment Moot in Light of
        Superseding Indictment

Defendant argues that the Indictment should be dismissed

because it fails to "identify the 'New York State laws' that Mr.

Schaefer attempted to violate, and as to which, 'a person can be

charged with a criminal offense.'"  (Def. Mem. at 10.)  As a

result of this failure, Plaintiff contends that the Indictment

5

failed to provide him with adequate notice of the charge against him.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Pro. 7(c)(1). An indictment is sufficient if it:

> first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.

Hamling v. United States, 418 U.S. 87, 117 (1974) (internal citations and quotations omitted); see also United States v. Bailey, 444 U.S. 394, 414 (1980). It is well-settled law that "[t]o satisfy the pleading requirements of Fed. R. Crim. P. 7(c)(1), 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (quoting United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992); see also United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998).

Moreover, an indictment is generally not subject to dismissal "on the ground that there was 'inadequate or incompetent' evidence before the grand jury." United States v. Myers, 635 F.2d 932, 941 (2d Cir. 1980) (quoting Costello v. United States, 350 U.S. 359, 362 (1956)). Likewise, an indictment need not specify the evidence that the Government intends to use to prove the charges contained therein. See Alfonso, 143 F.3d at 777 ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy [an element of the offense], the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment").

Defendant's concerns about the sufficiency of the Indictment have been rendered moot by the filing of the Superseding Indictment. In contrast with the Indictment, the Superseding Indictment specifies the provisions of New York Penal Law which define "sexual activity for which a person can be charged with a criminal offense." (Superseding Indictment.) The Superseding Indictment charges that Defendant used a computer, a telephone and the Internet to knowingly persuade, induce, entice and coerce, or knowingly attempted to persuade, induce, entice and coerce, an individual under age eighteen to engage in criminal sexual activity, in violation of the specified provisions of New

7

York Penal Law.[1]  (Superseding Indictment.)  The Court further finds that the Superseding Indictment closely tracks the language of the statute and provides Defendant adequate notice of the charge against him as required by Fed. R. Crim. P. 7(c)(1).

2.    Constitutionality of the Statute

While the Government has filed a Superseding Indictment in this matter, the Court addresses Defendant's substantive claim that the statute is unconstitutional, both facially and as applied, because the statute under which he is charged is the same in both the Indictment and the Superseding Indictment.

a.    The statute is not facially unconstitutional and is not unconstitutional as applied to Defendant

Defendant argues that the statute is unconstitutional because it fails to define the term "sexual activity", fails to provide reasonable notice "of the range or scope of conduct that is prohibited or any objective standard for law enforcement" and because the range of state statutes that it incorporates could

---

[1]    The Court notes that among the provisions of New York Penal Law referenced in the Superseding Indictment is Penal Law § 130.60(2) (subjecting an individual under age fourteen to sexual contact); Defendant was charged with attempt to violate Penal Law § 130.60(2) in Count Three of the New York County Indictment, for allegedly attempting to subject a person under age fourteen to contact with his penis, and Justice Yates refused to dismiss that charge on Defendant's motion.  (See Notice of Motion Exs. A & B; Everdell Aff. Ex. A.)

potentially infringe on protected speech or activity under the
First Amendment.  (Def. Mem. at 21-22.)

The Second Circuit Court of Appeals has observed that a
"penal statute is not void for vagueness if it defines the
offense (1) 'with sufficient definiteness that ordinary people
can understand what conduct is prohibited' and (2) 'in a manner
that does not encourage arbitrary and discriminatory
enforcement.'"  United States v. Gagliardi, 506 F.3d 140, 148 (2d
Cir. 2007) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103
S.Ct. 1855, 75 L.Ed.2d 903 (1983)).  To determine whether a
criminal regulation provides sufficient notice of what conduct is
prohibited, the Second Circuit has held that "[the] statute must
of necessity be examined in the light of the conduct with which a
defendant is charged."  Birzon v. King, 469 F.2d 1241, 1243 n.4
(2d Cir. 1972).  "Regulations need not, however, achieve
'meticulous specificity,' which would come at the cost of
'flexibility and reasonable breadth.'"  Betancourt v. Bloomberg,
448 F.3d 547, 552 (2d Cir. 2006).  Additionally, "a court
analyzing an as-applied vagueness challenge may determine that
the statute generally provides sufficient guidance to eliminate
the threat of arbitrary enforcement without analyzing more
specifically whether the particular enforcement was guided by
adequate standards."  Farrell v. Burke, 449 F.3d 470, 493 (2d

9

Cir. 2006).  Moreover, even if the wording of a statute provides insufficient general guidance to law enforcement regarding its application, "an as-applied vagueness challenge may nonetheless fail if the statute's meaning has a clear core."  Id.

The Second Circuit recently upheld the constitutionality of the statute against a constitutional challenge on vagueness and overbreadth grounds, holding that the statute's failure to define the terms "attempt," "persuade," "induce," "entice," or "coerce" did not constitute "cause for constitutional concern because the statute's terms are sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct."  Gagliardi, 506 F.3d at 147 (citing United States v. Tykarsky, 446 F.3d 458, 473 (3d Cir. 2006) and United States v. Cullen, 499 F.3d 157, 163, (2d Cir. 2007)).  The Second Circuit further held that "[t]he statute also establishes the requisite minimal guidelines to prevent arbitrary or discriminatory enforcement . . . in that it applies only to those who 'knowingly engage in the prohibited conduct."  Id. (citing Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).  The court also rejected a First Amendment overbreadth challenge to the statute, holding that the statute prohibits criminal acts and not speech:  "the statute punishes the act of enticing or attempting to entice a minor when it is knowingly

done; it does not implicate speech." Id. at 148.  The court
noted that there is no "First Amendment right to persuade one
whom the accused believes to be a minor to engage in criminal
sexual conduct." Id.

     In light of the Second Circuit's holdings in Gagliardi, it
is clear to the Court that Defendant's arguments that the statute
is unconstitutional are without merit.  The main implication of
Gagliardi is that the statute has a clear core meaning that
provides adequate notice to ordinary people of the conduct that
is prohibited. See id. at 147.  The Court has no doubt that a
person of ordinary intelligence would understand that the statute
prohibits knowingly persuading, inducing, enticing or coercing an
individual under age eighteen to engage in criminal sexual
activity and that criminal sexual activity does not encompass, as
Defendant suggests, merely "engaging in speech about sex." (Def.
Mem. at 22.)  The Court is confident that, in this day and age,
adults in our society are aware that one who knowingly attempts
to get a child under age eighteen to engage in sexual activity
does so only at his or her peril. Cf. United States v. Cullen,
499 F.3d 157, 163 (2d Cir. 2007) ("Although we recognize in many
English words there lurk uncertainties, to meet the fair warning
prong an ounce of common sense is worth more than an 800-page
dictionary").  Accordingly, Defendant's Motion to Dismiss the

Indictment on the grounds that the statute is facially unconstitutional, and as applied, is DENIED.

> b.  The statute does not unconstitutionally incorporate a probable cause standard

Defendant also suggests that three words contained in the statute --"can be charged"-- ought to be read in splendid isolation from the rest of the statutory language. (Def. Mem. at 15-16.) Based on such an artificial reading, Defendant urges the Court to find that the statute unconstitutionally incorporates a probable cause standard and "casts an unconstitutionally wide net, subjecting to federal prosecution anyone whose conduct creates a subjective basis merely to 'charge' any person under some unspecified state criminal law that relates in some way to persuasion of a minor to engage in 'sexual activity' (which term is also undefined)." (Id. at 17.)

The statute criminalizes the actions of one who using the mails or interstate communications, "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). The phrase "can be charged" in the statute is plainly linked to the preceding phrase "any sexual activity" and the subsequent phrase "criminal offense". See

12

United States v. McDarrah, 05 CR 1182 (PAC), 2006 WL 1997638, at
*5 (S.D.N.Y. Jul. 17, 2006) (rejecting defendant's argument that
the statute incorporates a probable cause standard and noting
that the "argument is based on ignoring the language of the
immediately previous phrase [of the statute]: 'any sexual
activity . . . .'  When the two phrases are read together (sexual
activity for which any person can be charged with a criminal
offense), there is no 'probable cause' problem").

     As the court noted in McDarrah, "[p]roperly read, § 2422
requires that if committed, the sexual activity must be a crime
under state law."  Id. at *6.  The Second Circuit Court of
Appeals has stated that the four elements that the Government
must prove beyond a reasonable doubt to obtain a conviction under
the statute are as follows:

     that an individual (i) used a facility of interstate
     commerce; (ii) to knowingly persuade, induce or entice, or
     to attempt to persuade, induce or entice; (iii) any
     individual who is younger than eighteen-years old; (iv) to
     engage in sexual activity of a criminal nature.

United States v. Brand, 467 F.3d 179, 202 (2d Cir. 2006)
(emphasis added).  Likewise, Sand et al.'s Modern Federal Jury
Instructions provides the following jury instruction regarding
the elements of the offense with which Defendant is charged:

     In order to prove the defendant guilty of using a
     facility if interstate commerce (or the mails) to persuade

13

(or induce or entice or coerce) an individual to engage in illegal sexual activity (or prostitution), the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used a facility of interstate commerce (or the mails) as alleged in the indictment;

Second, that the defendant knowingly persuaded (or induced or enticed or coerced) [name of individual] to engage in illegal sexual activity (or prostitution); and

Third, that [said individual] was less than eighteen years old at the time of the acts alleged in the indictment.

Leonard B. Sand, et al., Modern Federal Jury Instructions, Inst. 64-11. The model jury instruction regarding the second element of the offense is suggested as follows:

The second element which the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded (or induced or enticed or coerced) [name of individual] to engage in illegal sexual activity (or prostitution).

The Indictment alleges that defendant persuaded (or attempted to persuade) [said individual] to engage in sexual activity in violation of [describe state sexual abuse offense]. The elements of that offense are: [list elements of state offense].

                    *    *    *

Id., Inst. 64-13. Thus, although Defendant contends that the phrasing of the statute means that the Government's burden of proof at trial has effectively been lowered from "beyond a reasonable doubt" to "probable cause" with respect to an essential element of the offense, that is clearly not the case.

14

To win a conviction, the Government must prove beyond a
reasonable doubt that Defendant knowingly persuaded, induced,
enticed or coerced, or knowingly attempted to persuade, induce,
entice and coerce, an individual under age eighteen to engage in
criminal sexual activity in violation of one or more of the
provisions of New York Penal Law specified in the Superseding
Indictment.  Therefore, Defendant's argument notwithstanding, the
Court finds that the statute does not unconstitutionally
incorporate a probable cause standard.  Accordingly, Defendant's
Motion to Dismiss the Indictment on this ground is also DENIED.


B.    Motion for a Hearing on Possible Violation of New York
      State's Grand Jury Secrecy Laws

      Defendant seeks a hearing to explore possible violations of
New York State's grand jury secrecy laws in connection with his
prosecution by the Manhattan District Attorney's Office and then
by the United States Attorney's Office for the Southern District
of New York.  In support of his Motion for a Hearing into
possible violations of New York State's Grand Jury Secrecy Laws,
Defendant has submitted an affidavit from Defense counsel's law
clerk stating that the law clerk, upon review of "the official
New York County Criminal file in People v. Schaefer, Ind. No.
580/2006," did not find "any documents, correspondence, or any

15

other materials, related to either a request for, or an

authorization of, the release of Grand Jury materials from the

Manhattan District Attorney's Office to the Untied States

Attorney's Office for the Southern District of New York, or to

any federal law enforcement officials." (Rosenblatt Aff. §§ 2-

3.) Defendant claims that because certain evidence against him,

collected by the New York City Police Department ("NYPD"), must

have been presented to the New York County grand jury that had

indicted him, such evidence was "cloaked in grand jury secrecy"

and could not have been disclosed to federal prosecutors without

proper court authorization. (Def. Mem. at 30.) Defendant, of

course, merely assumes that the evidence in question -- allegedly

incriminating instant messages and recorded telephone

conversations -- must have been introduced to the New York County

grand jury. It is just as possible that the undercover police

officer with whom Defendant allegedly engaged in incriminating

instant messaging chats and recorded telephone calls testified

before the grand jury. In any event, as the Government points

out, the instant messaging chats and recorded conversations are

not subject to grand jury secrecy laws because they were gathered

independently by the NYPD as part of its investigation and were

not obtained pursuant to the power of the grand jury. (Govt.

Mem. at 27.) Moreover, as the Government notes, "documents are

not cloaked with secrecy merely because they are presented to the grand jury." United States v. Lartey, 716 F.3d 955, 964 (2d Cir. 1983). Defendant merely speculates that the Government somehow acted inappropriately in launching the instant prosecution. His Motion for a Hearing into possible violations of New York State's grand jury laws is frivolous and baseless and is DENIED.


C.    Motion for a Bill of Particulars

        Pursuant to Fed. R. Crim. Pro. 7(f) Defendant moves for a Bill of Particulars. Rule 7(f) allows a defendant to seek a Bill of Particulars:

> in order to identify with sufficient particularity the
> nature of the charge pending against him, thereby enabling
> defendant to prepare for trial, to prevent surprise, and
> to interpose a plea of double jeopardy should he be
> prosecuted a second time for the same offense . . . .
> Generally, if the information sought by defendant is
> provided in the indictment or in some acceptable alternate
> form, no bill of particulars is required.

United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (stating same standard and noting that "[t]he principles governing requests for a bill of particulars are well settled"). A "bill of particulars should be required only where the charges

of the indictment are so general that they do not advise the
defendant of the specific acts of which he is accused." <u>United
States v. Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990) (quoting
<u>United States v. Feola</u>, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987),
<u>aff'd</u>, 875 F.2d 857 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 834
(1989)); <u>see also</u> <u>United States v. Walsh</u>, 194 F.3d 37, 47 (2d
Cir. 1999). "Acquisition of evidentiary detail is not the
function of a bill of particulars." <u>Torres</u>, 901 F.2d at 234
(citation omitted). The Second Circuit has "consistently
sustained indictments which track the language of a statute and,
in addition, do little more than state time and place in
approximate terms." <u>United States v. Salazar</u>, 485 F.2d 1272,
1277 (2d Cir. 1973) (citations omitted).

        In deciding a motion for a Bill of Particulars "[t]he
important question is whether the information sought is
necessary, not whether it is helpful." <u>United States v.
Facciolo</u>, 753 F.Supp. 449, 451 (S.D.N.Y. 1990). Courts have been
highly reluctant to require a Bill of Particulars when a
defendant has asked for specific identities of co-conspirators or
others allegedly involved. So long as an indictment and
discovery sufficiently enable a defendant to avoid surprise and
prepare for trial, a Bill of Particulars is not warranted. <u>See</u>
<u>Torres</u>, 901 F.2d at 233-234 (upholding district court's denial of

18

a Bill of Particulars where "a wealth of evidentiary detail from
the discovery to date, including electronic intercepts, search
evidence and exhaustive supporting affidavits" was supplied);
United States v. Rodriguez, 1999 WL 820558 at *2 (S.D.N.Y. 1999)
(denying motion for a Bill of Particulars identifying known co-
conspirators where the indictment coupled with discovery allowed
the defendant "both to prepare his defense and to avoid
prejudicial surprise at trial"). Finally, the granting of "a
bill of particulars rests within the sound discretion of the
district court." United States v. Panza, 750 F.2d 1141, 1148 (2d
Cir. 1984).

Defendant insists that he is "entitled to know the factual
nature of the government's contention that he took a substantial
step towards commission" of the crime charged. (Def. Mem. at
33.) The Indictment, however, "need not set out the facts that
constitute the 'substantial step' in charging a defendant with an
attempt of a federal offense." McDarrah, 2006 WL 1997638, at *8
(citations omitted). Defendant also requests that the Government
specify in a Bill of Particulars the New York laws underlying the
Indictment. (Def. Mem. at 34.) This request is moot in light of
the Superseding Indictment, which provides references to the
underlying provisions of the New York Penal Law. The other
information that Defendant seeks from the Government in a Bill of

19

Particulars relates to the findings made by the federal grand jury that returned the Indictment containing the instant charge against him.  (Id.)  Defendant argues that "he is entitled to assurance that the grand jury that indicted him was properly instructed" and that "the offense for which he will be actually tried is the offense for which he was indicted."  (Id. at 33.)

The proceedings of federal grand juries, however, are generally kept secret.  See Fed. R. Crim. P. 6(e)(2).  To overcome this presumption of grand jury secrecy, a defendant must make a showing of "'particularlized need' that outweighs the government's strong interest in the secrecy of grand jury proceedings."  United States v. Jailall, 00 Cr. 69 (EWS), 2000 WL 1368055, at *2 (S.D.N.Y. Sept. 20, 2000) (quoting United States v. Sells Engineering, 463 U.S. 418, 443 (1983)).  "Moreover, under federal law, a prosecutor is not required to instruct the grand jury on the law."  McDarrah, 2006 WL 1997638, at *9.  Defendant's request for information regarding the grand jury's findings does not overcome the presumption of grand jury secrecy.

Accordingly, Defendant's Motion for a Bill of Particulars is DENIED in its entirety.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment, Motion for a Hearing and Motion for a Bill of Particulars are all DENIED in their entirety. By an Order dated May 27, 2008, the Court excluded time, pursuant to the Speedy Trial Act, until July 7, 2008. The next conference in this matter shall be held on July 7, 2008 at 11:00 AM.

SO ORDERED.

Dated:    New York, New York
          June 2, 2008

                    DEBORAH A. BATTS
               United States District Judge

21