**MEMO ENDORSED**

LAW OFFICES OF

## GARY G. BECKER, L.L.C.

200 WEST 57TH STREET · SUITE 900

NEW YORK, NEW YORK 10019

(212) 981-1980                                                              FACSIMILE: (212) 214-0901
ggbeckerlaw@aol.com

June 26, 2008

**BY FACSIMILE**

Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2008
```

Re: <u>United States v. Alan Schaefer</u>, 07 Cr. 498 (DAB)

Dear Judge Batts:

    Please accept this letter in reply to the government's June 25, 2008 correspondence to the Court opposing our May 29, 2008 letter request, made with the endorsement of Pre-Trial Services, that the Court lift the home confinement portion of Mr. Schaefer's conditions of release.

    The government's letter is essentially a rancorous argument that Mr. Schaefer is a dangerous child predator who, if left unchecked, will prowl the streets looking for his next victim. Given that the government's obligation is to seek justice rather than to "win" the case, the government's apparent effort to inflame the passions of the Court while failing even to acknowledge certain important facts that cast serious doubt on its dire prediction is troublesome. For example, there is no evidence that Mr. Schaefer has ever sexually molested a child or attempted to. Aside from the single instance charged here, there is no evidence that Mr. Schaefer has ever spoken with or met with a "minor" whom he instant-messaged on the internet. For almost twenty years, Mr. Schaefer was a highly regarded New York City middle school music teacher. Not once in all that time was there a single complaint made that he had acted inappropriately towards a child. Indeed, in the aftermath of Mr. Schaefer's arrest, several school administrators, including the principal, well aware of the nature of criminal charges that had been filed, wrote glowing letters of support for Mr. Schaefer.

**MEMO ENDORSED**

LAW OFFICES OF
GARY G. BECKER, L.L.C.


MEMO ENDORSED

Honorable Deborah A. Batts
June 26, 2008
Page 2

  Mr. Schaefer's arrest was widely-publicized throughout the school and the local community. Additionally, news of the arrest appeared in newspaper articles, and on television and radio throughout the New York City metropolitan area. While such media exposure will frequently lead to additional complaints, in Mr. Schaefer's case not a single person came forward to say that Mr. Schaefer had ever behaved inappropriately.

  Following his arrest on state charges, July 21, 2005, Mr. Schaefer was released on his own recognizance. For longer than the next twenty months, until the United States Attorney's Office initiated its prosecution, Mr. Schaefer had, as the government puts it, "unrestricted access to the community," and the unfettered ability "to seek out other minor victims." Government Letter, at 5. Yet there is not a scintilla of evidence that during those twenty months Mr. Schaefer ever acted inappropriately towards a minor. The government fails to mention any of this, let alone provide a reason why, if taken off house arrest, Mr. Schaefer will suddenly be a danger.

  During the pendency of this prosecution Mr. Schaefer has been electronically monitored and permitted to leave his home for meetings with counsel, for court appearances, for medical appointments, to attend religious services, to take care of personal errands for two hours on each of three days per week, to take his child to and from school, and for other specific needs approved by Pre-Trial Services, all subject to a 9 p.m. curfew. Our application was prompted because Mr. Schaefer's wife recently gave birth to their second child and his continued detention at home imposes obstacles to obtaining employment to support his family, and to otherwise being a full partner with his wife in their marriage and the care of their children.

  Mr. Schaefer's record of compliance with both the Court's and Pre-Trial Services' directives has been exemplary, prompting the head of the Electronic Monitoring Program, Leo Barrios to endorse lifting the home confinement component of Mr. Schaefer's conditions of release. Needless to say, not once during the pendency of this case has there been the slightest suggestion that Mr. Schaefer acted improperly towards a child.

MEMO ENDORSED

LAW OFFICES OF
GARY G. BECKER, L.L.C.


MEMO ENDORSED

Honorable Deborah A. Batts
June 26, 2008
Page 3

    Rather than address any of the foregoing, the government spins adversely to Mr. Schaefer every piece of evidence gathered by the state authorities that it discusses, offers its lay opinion as to the workings of Mr. Schaefer's mind, and ignores entirely discussion of any evidence that is at odds with the portrait of Mr. Schaefer it seeks to present. For example, while larding its letter with the most salacious, inflammatory bits of statements by Mr. Schaefer it could find, the government makes no mention that during Mr. Schaefer's communications with the undercover officer, he expressly stated, more than once, that he could not have sexual relations with "Mary" until she turned 17 years old, the age of consent in New York. Nor does the government acknowledge that on the day of their planned meeting, Mr. Schaefer wrote to the "minor" that, "I just want to meet you today, not do anything," as he was bringing his fourteen month old son.

    Worse, the government contends that Mr. Schaefer's bringing his toddler only proves how intent he was on "following through with his plan" to have sexual relations with "Mary" that day. When Mr. Schaefer engages in inane, sexual chatter, the government says that proves Mr. Schaefer was committed to having sex with "Mary." When Mr. Schaefer tells "Mary" that he is bringing his toddler (and that he and Mary will "not do anything") the government says that also proves that Mr. Schaefer is committed to having sex with "Mary." When Mr. Schaefer tells "Mary," more than once, that they cannot have sexual relations until she turns 17, the government ignores it. At trial, I imagine the government will contend that this statement by Mr. Schaefer also proves he wanted to have sex with "Mary" right away.

    There are more finely nuanced examples in the government's letter. For example, while the government readily notes that it was Mr. Schaefer who initiated instant-message contact with "Mary" on July 7, 2005 and sent her another e-mail "a few days later," the government is reticent when it comes to acknowledging that it was law enforcement who contacted Mr. Schaefer on July 19, 2005, after it had not heard a peep from Mr. Schaefer in longer than a week. How does the government report law enforcement's July 19th contact of Mr. Schaefer in its letter? By writing in the passive tense that "[o]n or about July 19, 2005, UC-1 and the defendant again engaged in an electronic messaging conversation." Government

MEMO ENDORSED

LAW OFFICES OF
GARY G. BECKER, L.L.C.

**MEMO ENDORSED**

Honorable Deborah A. Batts
June 26, 2008
Page 4

Letter, at 1. The government's phrasing, we submit, speaks to its strategy of painting Mr. Schaefer in the most unfavorable light possible at all times. There seems little doubt that if it was Mr. Schaefer who had contacted "Mary" on July 19th, the government would have reported that quite clearly.

Finally, our May 29th correspondence noted that although Mr. Schaefer's assigned federal defender had asserted at the initial presentment in magistrate's court that the Adam Walsh amendments to the Bail Reform Act required electronic monitoring (but not house arrest) as a condition of release, given that there was no actual "minor victim" in this case -- law enforcement relied on an adult posing as a minor – electronic monitoring was not mandated under the statute. See United States v. Kahn, 524 F. Supp.2d 1278 (W.D. Wash. 2007)(because plain language of section 3142(c)(1)(B) mandates electronic monitoring only when there is an actual "minor victim," prosecutions involving sting operations with adult police officers posing as minors do not trigger mandatory electronic monitoring). In response, the government cites to a summary order from the Second Circuit, United States v. Minnici, 128 Fed. Appx. 827, 828-30 & n.2 (2d Cir. April 25, 2005), for the proposition that the involvement of an actual minor is not required for a prosecution under 18 U.S.C. §2422(b). That, of course, is not the point we were making, which was that mandatory electronic monitoring under the amendments to the Bail Reform Act, codified in 18 U.S.C. 3142(c)(1)(B), is triggered only when an actual minor is involved.

Just last week in an opinion condemning government over-reaching, the Second Circuit re-affirmed "the special role of the prosecutor as 'the representative…of a sovereignty…whose interest…in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" United States v Walker, No. 06 Cr. 0594 (Second Cir. June 19, 2008), citing Berger v. United States, 295 U.S. 78, 88 (1935). It is particularly important that those principles be honored in a case involving a criminal charge as emotionally explosive as the one lodged here.

We respectfully submit that viewed dispassionately, and giving full deference to the presumption of innocence, as required by 18 U.S.C. 3142(j), the record in this case amply supports our application and the considered judgment of

LAW OFFICES OF
GARY G. BECKER, L.L.C.

MEMO ENDORSED

Honorable Deborah A. Batts
June 26, 2008
Page 5

Pre-Trial Services. So there is no uncertainty, consistent with the recommendation of Pre-Trial Services, we request only that the home component condition of Mr. Schaefer's conditions of release be lifted; all other conditions would remain in place.

Granted
DAB
7/2/08

Respectfully submitted,

*Gary G. Becker*
Gary G. Becker

cc: Christian Everdell, AUSA
Leo Barrios, Pre-Trial Services

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

MEMO ENDORSED