**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

April 2, 2020

**BY ECF**

Honorable United States District Judge[1]
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:     **United States v. Alan Schaefer**
        **07 Cr. 498 (DAB)**

Your Honor:

Alan Schaefer was sentenced by the late Honorable Judge Batts on January 7, 2020 to six months' incarceration on a violation of supervised release.  Judge Batts ordered Mr. Schaeffer to surrender n February 6, 2020, which he did.

Mr. Schaeffer, almost 59, is currently housed at the Metropolitan Correctional Center (MCC). He is scheduled to complete his sentence on August 4, 2020. He has been designated as a "vulnerable" inmate by the M.C.C. because he suffers from hypertension for which he is prescribed medication.  For the following reasons, Mr. Schaefer should be immediately released to home confinement, pursuant to 18 U.S.C. § 3624(c)(1), to complete the balance of his sentence

On April 1, 2020, Mr. Schaefer requested that the Bureau of Prisons (BOP) make a determination concerning his early release to home confinement. *See* April 1, 2020 Letter to MCC, Exhibit A.  Mr. Schaefer has not yet received a reply, despite U.S. Attorney General William Barr's March 26, 2020 memorandum "directing [the BOP] to prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." *See* March 26, 2020 Letter of Barr, Exhibit B.

---

[1] Our understanding is that this case will be wheeled out to a new District Judge in light of the passing of the Honorable Deborah A. Batts.

Page **1** of 3

Accordingly, Mr. Schaefer requests the Court to grant the following relief: (1) direct the BOP to issue a decision within the next 24 hours as to how Mr. Schaefer will serve his final four months in custody, pursuant to 18 U.S.C. § 3624(c)(1); and (2) recommend to the BOP that Mr. Schaefer serve the remainder of his sentence in home confinement, pursuant to 18 U.S.C. § 3624(c)(2).

### I.  Mr. Schaefer is eligible for home confinement under The First Step Act.

The First Step Act requires the Bureau of Prisons (BOP) to facilitate Mr. Schaefer's reintegration into the community by determining his eligibility for home confinement. Section 3624(c) of Title 18 of the United States Code provides:

**(C) Prerelease Custody—**

(1) In general.—

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.—

The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

On January 7, 2020, Mr. Schaefer was sentenced to six months' incarceration. According to the Bureau of Prisons' calculation, Mr. Schaefer is slated for release from the MCC on August 4, 2020. Mr. Schaefer has already served two months of his six month sentence and is, therefore, eligible for placement in home confinement. 18 U.S.C. § 3624(c)(2).

On April 1, 2020, through counsel, Mr. Schaefer submitted a request to the MCC Warden for home confinement. *See* Letter to MCC, Exhibit A. At present, the BOP has not decided whether Mr. Schaefer may spend the remainder of his sentence on home confinement. The lack of response from the MCC contravenes the mandate of the First Step Act.

### II.  The coronavirus pandemic compels Mr. Jackson to be released to home confinement.

The BOP's failure to timely determine Mr. Schaefer's eligibility for home confinement is particularly harmful in light of COVID-19, a deadly new strain of the coronavirus alone. In recognition of the "pandemic currently sweeping across the globe," on March 26, 2020, U.S.

Attorney General William Barr issued a memorandum "directing" the Bureau of Prisons to "utilize home confinement, where appropriate, to protect the health and safety of BOP personnel and the people in our custody."

Currently, there is no vaccine or cure for COVID-19. Accordingly, the primary focus is on preventing the spread of the virus. To prevent new infections, the Centers for Disease Control and Prevention (CDC) strongly recommends the following actions: thorough and frequent handwashing, cleaning surfaces with disinfectants, keeping at least 6 feet of space between people, and social distancing.

But it is virtually impossible for Mr. Schaefer to adhere to the CDC's guidelines while incarcerated at the MCC. Indeed, medical experts have roundly declared that jails foster the prime environment for the spread of contagious disease.  This is especially concerning because Mr. Schaefer has been recognized by the B.O.P as especially vulnerable because of his age and his diagnosed hypertension.  Each day Mr. Schaefer remains incarcerated at the MCC poses a grave risk to his physical health

### III.     Request for Relief

For the foregoing reasons, Mr. Schaefer respectfully requests the Court to grant the following relief: (1) direct the BOP to issue a decision within the next 24 hours as to how Mr. Schaefer will serve the remainder of his sentence, pursuant to 18 U.S.C. § 3624(c)(1); and (2) recommend to the BOP that Mr. Schaefer serve the last four months of his sentence in home confinement, pursuant to 18 U.S.C. § 3624(c)(2). If the BOP has not issued a decision by the end of business on April 2, 2020 concerning Mr. Schaefer's application to serve the remainder of his sentence on home confinement, Mr. Schaefer further requests that the Court resentence Mr. Schaefer to time served an allow him to complete his supervised release term at his previously approved residence at 333 W. 57th Street, New York, New Yori 10019.

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Mark B. Gombiner
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8718

Cc: AUSA Peter Davis, Esq.