```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                              Plaintiff,                          :
                                                                  :           7-cr-498 (LJL)
            -v-                                                   :
                                                                  :              ORDER
ALAN SCHAEFER,                                                    :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/29/2020

LEWIS J. LIMAN, United States District Judge:

  Defendant Alan Schaefer moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  He seeks an order modifying his release and immediately releasing him to home detention and a period of supervised release.  (Dkt No. 76.)  The Government opposes the motion on procedural and substantive grounds.  (Dkt No. 78.)  The Court has considered defendant's motion, the Government's opposition, and the defendant's reply letter (Dkt No. 80.)  It has also considered the filings in connection with Defendant's previous request to be released to home confinement pursuant to 18 U.S.C. § 3624(c)(2) (Dkt. Nos. 67, 70, 72, 73); the transcript of Defendant's sentencing hearing (Dkt. No. 48); and the briefing, transcripts, and Order and Presentence Investigation Report related to Defendant's violation of supervised release (Dkt. No. 57, 59, 61, 62, 64, 65, 66.)  For the following reasons, the motion is DENIED without prejudice.

  Section 3582(c)(1)(A) provides that the Court may modify a term of imprisonment imposed on a federal prisoner under limited and circumscribed circumstances.  The Court must find either (1) that "extraordinary and compelling reasons warrant such a reduction" or (2) that "the defendant is at least 70 years of age, has served 30 years in prison …

and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)". 18 U.S.C. § 3582(c)(1)(A). Mr. Schaefer, who is 58 years old and has not served 30 years in prison, does not fall into the latter category. In addition, the court must find that "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statements to which Section 3582(c)(1)(A) refer are set forth in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**
> > **(A)** Extraordinary and compelling reasons warrant the reduction; or
> >
> > **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

Application Note 1 to the policy statement provides that "extraordinary and compelling reasons" exist under any of the following circumstances:

> **(A) Medical Condition of the Defendant.**
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is
> > **(I)** suffering from a serious physical or medical condition,

2

    **(II)** suffering from a serious functional or cognitive impairment, or
    **(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 **(B) Age of the Defendant.**  The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 **(C) Family Circumstances.**
  **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 **(D) Other Reasons.**  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Section 3582(c)(1)(A) does not permit the Court to modify a sentence based simply on disagreement with the sentence previously imposed or provide an occasion for resentencing. *See United States v. Ebbers*, 2020 WL 91399, at *6 (S.D.N.Y. Jan 8, 2020).

The defendant bears the burden of demonstrating that "extraordinary and compelling reasons" exist. See, e.g., *United States v.* Clarke, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) (quoting *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.")).

Mr. Schaefer has not satisfied his burden here.[1]  He argues that he should receive

---

[1] The Government argues that the motion should be denied for Mr. Schaefer's failure to exhaust administrative remedies.  Given the Government's concession in other cases that the timing provisions of Section 3582(c)(1)(A) are not jurisdictional and the Court's finding that Mr. Schaefer has not satisfied the substantive standards of the statute,

compassionate release because the Bureau of Prisons has designed him as an inmate who is "vulnerable" to COVID-19 based on his history of hypertension, his current prescription for blood pressure medication, and his age (58 years old).  (Dkt. No. 76, at 6-7.)  He also argues that he suffers from an irregular heartbeat (*id.*) – although the Government contests that assertion based on the fact that Mr. Schaefer denied having any cardiovascular issues as recently as February 6, 2020.  (Dkt. No. 78 at 5; *see Id*. Ex. D at 3.)[2]  He argues that he falls within the Center for Disease Control's category of "high risk" category (Dkt. No. 76 at 6), which includes any individual with "serious heart conditions" and "diabetes," among other things.  *See* Centers for Disease Control and Prevention, *People are at higher risk for severe illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higherrisk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html. Defendant further argues that the conditions at the Metropolitan Correctional Center ("MCC") where he is imprisoned put him particularly at risk of contracting COVID-19 and in danger if he does contract it.  (Dkt No .76 10-13) The Court credits the contentions regarding the conditions at the MCC for reasons it has previously stated.  (Order, Dkt. No. 73, at 2.)

       The language of Section 3582(c)(1)(A), however, requires the Court to make a

---

*see e.g.*, *L*etter Response in Opposition, *United States v. Gentille*, No. 19-cv-590, Dkt. No. 31 (S.D.N.Y. Apr. 6, 2020), the Court need not consider here the Government's alternative argument that the limited circumstances under which those timing requirements may be waived or deemed forfeited have not been satisfied here.  *See United States v. Russo*, 20 WL 1862294, at *4-5 (S.D.N.Y. Apr. 14, 2020) (holding that the 30-day period may be waived or forfeited or excused under certain circumstances).

[2] Defendant attaches, in his Reply Brief, a letter from Defendant's brother averring that Defendant suffered an incident of irregular heartbeat 1-2 years ago for which he was hospitalized, from which he recovered "[a]fter 6 months of diet, exercise, therapy, and AA meetings" and with "little to no medication" (Dkt. No. 80 at 1; Dkt. No. 80-1).  Assuming the accuracy of those statements, they do not make a difference to the outcome here.

4

finding that "compelling and extraordinary reasons" warrant a sentence reduction (18 U.S.C. § 3582(c)(1)(A)), and the Sentencing Guidelines refer to a "serious physical or medical condition." U.S.S.G. § 1B1.13, Application Note 1.  On the facts, here, the Court cannot find that Mr. Schaefer has satisfied his burden to show that "extraordinary reasons" exist.  The COVID-19 crisis combined with the challenges of handling a detained population are far from ordinary and the Court is sympathetic to Mr. Schaefer's plight. (*See* Order, Dkt. No. 73, at 2-3.)  However, the conditions of which Mr. Schaefer complains afflict many Americans.  The Court cannot conclude that his circumstances are the extraordinary and compelling reasons Congress had in mind.  The very body to which Mr. Schaefer cites for the proposition that his high blood pressure puts him at risk also states that hypertension (or high blood pressure) is "common" in the United States and indeed affects "[n]early half of adults in the United States." CDC, *Facts about Hypertension*, https://www.cdc.gov/bloodpressure/facts.htm.  The letter from the Warden of the MCC denying Mr. Schaefer's request for a furlough reflects that "[a] review of his medical records does not identify any significant changes to his medical conditions."  (Dkt. No. 76, Ex A.)[3]  High blood pressure and an irregular heartbeat may constitute "compelling and extraordinary" circumstances" and may be a "serious" medical condition in some cases depending on the facts, but Mr. Schaefer has not made such a showing here.  Quite simply, the Court cannot find that he is entitled to compassionate relief without also concluding that a significant portion of the federal prison population who are at risk of COVID-19 and who may credibly claim no longer to be a danger to the community would also be entitled to the same

---

[3] Thus, the Court denies the request for compassionate release without prejudice to renewal should the Bureau of Prisons decide to make such application based on Mr. Schaefer's contemporaneous request to it.

5

relief. *Compare United States v. Haney*, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) ("[I]f [defendant's] age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release and that would arguably have a devastating effect on a national community that is now itself so under stress.").

Two final words about Mr. Schaefer's case. The Court previously recommended in "the strongest possible language" that the Bureau of Prisons release Mr. Schaefer on a furlough and designate him to home confinement to serve the remainder of his sentence. (Dkt. No. 73.) The Court stands by that recommendation, notwithstanding the Bureau of Prisons' decision to reject it, and asks the Bureau of Prisons to reconsider its decision. Mr. Schaefer is serving a 6-month sentence for a violation of supervised release. The specification to which he pleaded guilty was that he paid money for sex – he had sexual relations with a prostitute (a misdemeanor under New York law). *See* N.Y. PENAL LAW § 230.04 (McKinney 2016). At the time of his sentence, the Probation Department recommended a three-month sentence.[4] (*See* Dkt. No. 80, at 2.) After accepting Mr. Schaefer's admission to the specification on November 5, 2019, Judge Batts adjourned sentencing for two months until January 7, 2020. After sentencing Mr. Schaefer on January 7, 2020, Judge Batts permitted Mr. Schaefer to self-surrender on February 6, 2020, reflecting her belief that he did not pose a danger to the community. (*See* Dkt. No. 66 at 10.) During the three-month interval between admission and

---

[4] Had Judge Batts followed the recommendation of the Probation Department, Mr. Schaefer he would have been near release now.

sentencing and between sentencing and self-surrender, Mr. Schaefer fulfilled the trust the Court placed in him.  His behavior improved and there were no allegations of any further misconduct by him.  (*See* Dkt. No. 76, at 3-4.)  There is no reason to believe now that if the Bureau of Prisons released Mr. Schaefer to home confinement, he would betray that same trust.  Thus, while this case is not an appropriate one for compassionate release under Section 3582(c)(1)(A), it continues to be an appropriate case for a furlough or designation to home confinement.

Second, while the Court recognizes the Bureau of Prisons' authority to make its own decisions regarding furloughs and designations and also recognizes the gravity of the original crime Mr. Schaefer committed in 2005, those decisions should be based on the facts and the evidence.  That was not the case here with the Bureau of Prisons' decision here.  The MCC rejected Mr. Schaefer's request on the assumption that "[h]e was remanded back to custody due to his failure to participate in sex offender treatment program" and that he "was rearrested for solicitation of prostitution."  (Dkt. No. 76, Ex A.)  Neither is true.  The Government does not defend either proposition here.  And, although the Warden reports that Mr. Schaefer repeatedly failed to comply with the terms of his release, it fails to note that the Probation Department – based on those same facts – recommended only a three-month sentence and that Judge Batts permitted Mr. Schaefer to self-surrender.

The Court notes that the letter from the Warden concludes that the Bureau of Prisons is denying the request for home confinement "at this time."  The Court directs the Government to send a copy of this Order to the Warden of the MCC with the respectful recommendation and request that the time has come for the Bureau of Prisons to reconsider its decision.

SO ORDERED.

Dated: April 29, 2020
      New York, New York

                                             LEWIS J. LIMAN
                                       United States District Judge